No. 880
COOK v. MOZER
Ohio Supreme Court
No. 17636. Decided May 22, 1923
Error to Court of Appeals of Lucas County

238A· LIS PENDENS.

An action for divorce and alimony claiming property is a proper case for—Maintains statu quo as between parties, and as to third parties having conflicting interests.

WANAMAKER, J.

Epitomized Opinion

Rose Mozer filed suit for divorce and alimony in July, 1920, stating that certain real estate standing in the name of her husband, Charles Mozer, was really only held in trust by him and that she was the equitable owner, and asking that title be transferred to her. The Common Pleas entered a decree, Jan. 8, 1921, granting her a divorce and transferring said real estate to her. On Sept. 23, 1920, while the divorce case was pending, one Cook took judgment on a cognovit note against Charles Mozer, and caused the sheriff to levy on the aforesaid real estate.

The sheriff later advertised said real estate for sale on Jan. 22, 1921. On Jan. 21, 1921, Rose Mozer filed this suit in the Common Pleas to enjoin the sheriff from selling said property. Defendant Cook filed an answer denying that Rose Mozer was the equitable owner of said real estate when his judgment was taken· Rose Mozer in reply alleged that Cook colluded with Charles Mozer to obtain the judgment lien on her property and that at the time of that judgment Cook knew from her petition in the

divorce case filed in July, 1920, that she was the owner of the property, and invoked the doctrine of lis pendens· Cook made a motion for judgment on the pleadings, which was sustained by the Common Pleas· Rose Mozer appealed to the Court of Appeals, which found for her and granted the injunction· Cook prosecuted error. Held:

An action for divorce and alimony, especially where property is claimed and is described in the pleadings, presents a good case for the doctrine of lis pendens. That doctrine was properly applied to this case by the Court of Appeals and their judgment is confirmed.

Attorneys—Seney, Alexander & Donovan, Toledo, for Cook; F. A· Carabin, Carl J. Christensen and Frank J. Szumigala, all of Toledo, for Rose Mozer.

---

No. 882
BROWN v· BROWN
Ohio Supreme Court
No. 17556. Decided March 13, 1923
Error to the Court of Appeals of Licking County

283. PARTNERSHIP.

Partnership debt not created by partner loaning individually to another partner money which is used for partnership purposes.

ALLEN, J.     Epitomized Opinion

W. A. Brown and J. Brown, brothers, entered into a farming and stock raising partnership whereby W. A. was to furnish the land and J· was to do the work, and each was to buy one-half the stock· To raise money J· borrowed from his sister, and delivered to her a note and chattel mortgage upon his undivided half of the property. At the time of the formation of the partnership W· A. advanced to J. money and the latter executed a note therefor. W· A. instituted an action against J., alleging the unpaid note, the agreement of J. to pay it out of the proceeds of the partnership, and had a receiver appointed. By cross-petition the sister set up her mortgage upon the interest of J. in the partnership property. The Common Pleas Court found in favor of the sister, but the Court of Appeals reversed this finding upon the ground that W. A. had a lien upon the funds in the hands of the receiver superior to the lien of the sister. In reversing the judgment of the Court of Appeals the Supreme Court held:

1· "Where a partner borrows money on his individual credit from another partner, and later gives a note as evidence of such loan, such borrowing does not create a partnership debt, though the money be applied to partnership purposes."

2. "A separate creditor, who holds a valid chattel mortgage upon the interest of a partner in a partnership, has a lien upon the surplus due the partner after all partnership debts are paid, which lien is superior to a claim for an individual debt due from the partner to his co-partner." Citing 12 OS. 647.

Attorneys—Flory & Flory and Edward Kibler, Newark, for J. Brown; McDonald & Slabaugh and Fitzgibbon & Montgomery, Newark, for W· A. Brown.