CENTRAL TRUST COMPANY, N.A., APPELLEE; SAWYER, APPELLANT, *v.* SPENCER ET AL., APPELLEES.

(No. C-860729 — Decided September 9, 1987.)

*Clark & Eyrich* and *Robert E. Sunderman,* for appellee Central Trust Co., N.A.

*Graydon, Head & Ritchey* and *Stephen L. Black,* for appellant Edward Sawyer, Jr.

*Cohen, Todd, Kite & Stanford* and *Jack G. Cobey,* for appellees John E. Spencer and Elizabeth Spencer.

*Lawrence C. Baron,* for appellees Joseph L. DeCourcy and Wayne F. Wilke.

DOAN, J. Madison Savings Bank, the predecessor in interest to the Central Trust Company, N.A. ("Central Trust"), filed the instant action in the trial court to recover the indebtedness of John E. Spencer, defendant-appellee ("Spencer"). Spencer's debts were secured by mortgages on two pieces of property and Central Trust initiated foreclosure proceedings.

Edward Sawyer, Jr., plaintiff-appellant ("Sawyer"), held a note from Spencer in the principal amount of $6,300. Prior to the filing of this action Spencer defaulted on the note, and subsequent to the filing of the foreclosure action, Sawyer obtained a judgment lien on Spencer's property. In order to protect his interests, Sawyer intervened in the foreclosure action.

The trial court granted Central Trust and Sawyer summary judgments. Before a sheriff's sale could be conducted, Spencer filed a Chapter 13 petition in the United States Bankruptcy Court, Southern District of Ohio. The bankruptcy court stayed the proceedings in the court below. Sawyer filed a notice of appearance in the bankruptcy court requesting that he and his attorney receive notice of the proceedings.

Spencer's petition was eventually

dismissed by the bankruptcy court for his failure to file a Chapter 13 statement and plan. Despite his notice of appearance, Sawyer claims he never received notice of the dismissal. An order reinstating the foreclosure action was filed in the court below, and Sawyer claims no notification of this development.

In short, the properties were sold without any prior notice to Sawyer, except for the publication notice required by statute. R.C. 2329.26 and 2329.27.[1] After the sale Sawyer moved to vacate the sale due to his lack of notice stating, by way of affidavit, that he was ready, willing and able to purchase one of the properties for more than it had sold at the sheriff's sale. As the proceeds from the sale were insufficient to pay the mortgages fully, Sawyer received none of the proceeds. The motion was overruled and this appeal followed.

The central issue is whether the holder of a judicial lien is entitled to personal notice of the sale by the due process of law provision of the United States Constitution. We hold that Sawyer was entitled to some form of personal notification complying with *Mennonite Bd. of Missions* v. *Adams* (1983), 462 U.S. 791, and without such

notice he was deprived of his property without due process of law.

The controlling case is *Mennonite Bd. of Missions, supra.* In that case an Indiana statute allowed for a judicial sale of property for nonpayment of taxes by the owner. Notice by certified mail was required for the landowner, and publication notice was required for three consecutive weeks. After the sale, a two-year redemption period followed when the former owner or a mortgagee could redeem the property.

The Mennonite Board of Missions ("MBM") held a mortgage on a piece of property that was sold under the statute. MBM did not discover the sale until after the redemption period had run. The sale was challenged as a taking of property without due process of law, and MBM asserted that it was entitled to personal notification of the sale.

The United States Supreme Court agreed. The court held that since a mortgagee "clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale. * * *" (Citation omitted.) *Id.* at 798. Neither the personal notice to the landowner, nor the publication notice was deemed

---

[1] R.C. 2329.26 states:

"Lands and tenements taken in execution shall not be sold until the officer taking them gives public notice of the time and place of sale, for at least thirty days before the day of sale, by advertisement in a newspaper published in and of general circulation in the county. The court ordering sale may, in the order of sale, designate the newspaper in which such notice shall be published."

R.C. 2329.27 states:

"When the advertisement provided for in section 2329.26 of the Revised Code, is made in a newspaper published weekly, it is sufficient to insert it for three consecutive weeks. If there are both a daily and weekly

edition of the paper selected, and the circulation of the daily in the county exceeds that of the weekly, or if the lands and tenements taken in execution are situated in a city, and there are published both a daily and weekly edition of the paper selected, and the circulation of the daily in such city exceeds that of the weekly, it is sufficient to publish the advertisement in the daily once a week for three consecutive weeks before the day of sale, each insertion to be on the same day of the week. The expense of such publication in a daily shall not exceed the cost of publishing it in a weekly. All sales made without such advertisement shall be set aside, on motion, by the court to which the execution is returnable."

sufficient to the mortgagee. The court stated:

"* * * Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, * * * if its name and address are reasonably ascertainable." (Emphasis *sic.*) *Id.* at 800.

Just as a mortgage is a protected property interest, so is a judicial lien. *Armstrong* v. *United States* (1960), 364 U.S. 40; *The J.E. Rumbell* (1893), 148 U.S. 1. Therefore, a lienholder cannot be deprived of his interest without due process of law. *Armstrong* v. *United States, supra; In re Upset Sale* (1984), 505 Pa. 327, 479 A. 2d 940; *A.S.S. Wrecking Co.* v. *Guaranty Bank & Trust Co.* (1971), 2 Ill. App. 3d 66, 275 N.E. 2d 724, reversed on other grounds (1972), 53 Ill. 2d 249, 290 N.E. 2d 882.

The lack of notice adversely affected the ability of Sawyer, as a party within the meaning of *Mennonite Bd. of Missions, supra,* to protect his interests. There was no opportunity for Sawyer to observe the sale to see if it met the statutory requirements. He was prevented from bidding which could have allowed him to purchase the property, or increased the price to where he might have received some proceeds from the sale. The sale extinguished Sawyer's lien completely. Finally, there can be no question that Sawyer's address was readily ascertainable since he was a party to the suit.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for proceedings not inconsistent with this decision.

*Judgment reversed and cause remanded.*

SHANNON, P.J., and UTZ, J., concur.