**ALLEN–BAKER et al.**

v.

**SHIFFLER et al.**

Court of Common Pleas of Ohio,
Lucas County.

No. 96–3002.

Decided March 26, 1998.

50

*Cooper, Walinski & Cramer, Stephen Dane* and *Janet Hales,* for plaintiffs.

*Watkins, Bates & Carey* and *John M. Carey,* for defendants Robert Shiffler and Mortgage Investors Corp.

*Spiros & Stewart* and *Michael J. Spiros,* for defendant Standard Federal Bank.

FREDERICK H. MCDONALD, Judge.

This case is before the court upon cross-motions for summary judgment filed by defendants Robert L. Shiffler and Mortgage Investors Corp. ("Investors") against plaintiffs, Montalena Allen–Baker and Michael Baker (the "Bakers") and by the Bakers against Shiffler and Investors. Also before the court is a motion for summary judgment filed by Standard Federal Bank ("Standard Federal") against the Bakers. Upon consideration of the motions, the relevant evidence,

the written arguments of counsel, and the applicable law, I find that the motion for summary judgment filed by Shiffler and Investors against the Bakers must be granted and the motion filed by the Bakers against Shiffler and Investors must be denied. I further find that the motion for summary judgment filed by Standard Federal against the Bakers should be granted.

## I

The facts pertinent to these motions are as follows. On November 2, 1992, a foreclosure action was filed against Peter Hatas and the real property located at 2223 Robinwood Ave., Toledo, Ohio (hereinafter "the property") by Home Savings of America (hereinafter "Home Savings"). On November 25, 1992, and on January 6, 1993, the Bakers obtained judgments against Hatas in the amounts of $35,600 and $12,426.37. On January 26, 1993, the Bakers obtained a certificate of judgment lien on land and tenements against Hatas by filing the certificate in the Office of the Clerk of Court of the Lucas County Court of Common Pleas ("the Clerk of Courts"). However, they did not intervene in the foreclosure case pending before the court.

On September 28, 1993, Home Savings obtained a judgment of foreclosure and a sale of the property was ordered. In May 1994, the property was offered for sale by the Lucas County Sheriff. On June 13, 1994, Home Savings obtained title to the property by a sheriff's deed. Shiffler subsequently purchased the property from Home Savings and, on August 29, 1994, mortgaged it to Mortgage Investors. On September 25, 1995, Shiffler mortgaged the property a second time to Standard Federal Bank.

The Bakers have filed the instant lawsuit contending that as a result of the unsatisfied judgments, they are entitled to have the property sold in a foreclosure action. Shiffler and Mortgage Investors contend that Shiffler acquired a title that was free of the Bakers' liens and even if the Bakers' liens are valid, they are barred by R.C. 2703.26 (the *lis pendens* statute). All parties in this case have moved for summary judgment, contending that they are entitled to judgment as a matter of law.

## II

The general rules governing motions for summary judgment filed pursuant to Civ.R. 56 are well established. In *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, the Supreme Court of Ohio stated the requirements that must be met before a motion for summary judgment can be granted:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment."

▌ A party who claims to be entitled to summary judgment on the ground that a nonmovant cannot prove its case bears the initial burden of (1) specifically identifying the basis of its motion, and (2) identifying those portions of the record that demonstrate the absence of a genuine issue of material fact regarding an essential element of the nonmovant's case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274; see, also, *Dresher*, 75 Ohio St.3d at 299, 662 N.E.2d at 277–278 (Pfeifer, J., concurring in judgment only). The movant satisfies this burden by calling attention to some competent summary judgment evidence, of the type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmovant has no evidence to support his or her claims. *Id.* Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(E), indicating that a genuine issue of material fact exists for trial. *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d at 273–274. Accord *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114–115, 526 N.E.2d 798, 800–802.

▌ The Sixth District Court of Appeals has consistently held that summary judgment should be granted with caution in order to protect the nonmoving party's right to trial. As stated by the court in *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 14–15, 13 OBR 8, 16, 467 N.E.2d 1378, 1386:

"We recognize that summary judgment, pursuant to Civ.R. 56, is a salutary procedure in the administration of justice. It is also, however, a procedure which should be used cautiously and with the utmost care so that a litigant's right to a trial, wherein the evidentiary portion of the litigant's case is presented and developed, is not usurped in the presence of conflicting facts and inferences. It is settled law that '[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, * * *' which party in the instant case is appellant. It is imperative to remember that the purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist." (Citations omitted; quoting *Hounshell v. Am. States Ins. Co.* [1981], 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315.)

## III

The first issue is whether the Bakers' liens on the property were extinguished by operation of the doctrine of *lis pendens*. The doctrine of *lis pendens*, which has been codified in R.C. 2703.26, provides:

"When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

The Ohio Supreme Court in *Cook v. Mozer* (1923), 108 Ohio St. 30, 36–37, 140 N.E. 590, 592, first explained the doctrine of *lis pendens*. The court stated:

"The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. *This is so irrespective of whether he has been made a party to the proceeding, or had actual notice of the pendency of the proceeding, and even where there was no possibility of his having had notice of the pendency of the litigation.*" (Emphasis added.) *Id.*

Moreover, the court stated that while the doctrine of *lis pendens* has the effect of providing constructive notice, the doctrine is not founded on principles of notice but, instead, it is founded upon public policy reasons of necessity. *Id.* at 37, 140 N.E. at 592. Thus, the court found that in order to invoke the doctrine, three elements must be present: "(1) the property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the *res*; and (3) the property or *res* involved must be sufficiently described in the pleadings." *Id.* at 37, 140 N.E. at 592.

The defendants' arguments that the plaintiffs' liens have been extinguished are well taken. R.C. 2703.26 has the effect of providing constructive notice to any judicial lienholder acquiring an interest in property which is already subject to a foreclosure action. Thus, while the general rule is that one not a party to a lawsuit is not bound by the outcome, the exception to that rule lies where one acquires an interest in property already subject to a lawsuit. *Id.*, 108 Ohio St. at 36, 140 N.E. at 592. Necessarily, by imputing constructive notice, the statute places the burden upon the plaintiffs to examine the county records to determine whether a lawsuit involving the property is pending. In the instant case, plaintiffs' interest in the property was created during the pendency of a

foreclosure action. Therefore, plaintiffs were charged with constructive notice of the foreclosure action irrespective of whether they had actual notice of the pending action. *Id.* Furthermore, it is undisputed that the three elements to establish a valid *lis pendens* are present: (1) the property involved is real property, (2) the court had jurisdiction over both Hatas and the real property, and (3) the property was adequately described in the foreclosure action pleadings. Thus, while plaintiffs had a valid interest in the property owned by Hatas through their judgment lien, by operation of the *lis pendens* statute, those interests were conditioned upon and ultimately were extinguished by the outcome of the foreclosure action.

The next issue is whether the statute's imputation of constructive notice is constitutional. Plaintiffs contend that, if their liens are extinguished by the operation of the *lis pendens* statute, the statute's imputation of constructive notice violates the due process provisions of the United States Constitution. Plaintiffs further argue that due process requires notice by mail of a judicial sale. Plaintiffs assert that while their interest in the property owned by Hatas arose after the commencement of the foreclosure action, their names and addresses were ascertainable from the Clerk of Courts and, therefore, the discovery of this information by Home Savings would not have caused undue delay in the foreclosure proceedings. Plaintiffs further argue that plaintiffs in foreclosure actions should be required, prior to a sheriff's sale, to check the records in the clerk's office to determine whether any liens have been filed during the pendency of the foreclosure action. Plaintiffs further state that, if any liens are found, the person or persons who have filed these liens do not have to be added as parties to the underlying suit but must receive the constitutionally required personal notice of the action by mail. Finally, plaintiffs contend that the state has an interest in providing adequate notice so that it does not have to reopen a proceeding after a judgment is rendered.

Shiffler and Mortgage Investors, however, argue that property interests are created and defined from sources independent of the Constitution, such as state laws. *Bd. of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561. The defendants further argue that in order to determine whether a statute is constitutional, the competing interests of the state and the individual whose property interests are being affected must be balanced. Shiffler and Mortgage Investors further contend that the state's interest in the doctrine of *lis pendens* and its imputation of constructive notice to "persons who obtain a conditional and after-acquired interest in property is not only compelling, but absolutely necessary to certainty and efficiency in foreclosure proceedings, finality of judgments and judicial economy." (Reply Memorandum in Support of Motion for Summary Judgment and Memorandum in Opposition to Plaintiffs'

Cross–Motion for Summary Judgment, at p. 9.) Defendants state that R.C. 2703.26 makes plaintiffs' interest conditional on the outcome of the foreclosure action. The defendants further argue that by codifying the doctrine of *lis pendens* in R.C. 2703.26, the Ohio General Assembly created a cutoff for obtaining an interest in property which is subject to litigation. Defendants further contend that this cutoff is "[w]hen summons has been served or publication made." Defendants state that without this cutoff, the "perpetual foreclosure" action would be created, since after receiving a judgment granting foreclosure and before a sheriff's sale, if a lien filed subsequent to a foreclosure action was discovered, the sale would have to be vacated and the foreclosure action would have to start from the beginning. This, defendants argue, would lead to a waste of judicial time and resources and would prevent certainty in foreclosure proceedings or finality of judgments.

Defendants further argue that this "perpetual foreclosure" situation could occur even though plaintiffs claim that they are entitled only to notice of the sheriff's sale. Defendants state that if plaintiffs in a foreclosure action were required to check the records for any subsequent liens filed during the pendency of the foreclosure action, the requirement of providing this subsequent lienholder with actual notice would cause an undetermined delay in a sheriff's sale, since it could be feasible that other liens could attach to the property before a sale was scheduled, thus repeatedly causing the sale to be vacated. Finally, defendants assert that plaintiffs could have protected their own interests at the time that they filed their judgment liens. Defendants state that had plaintiffs conducted a search of the Clerk of Courts' records they would have discovered the pending foreclosure action on Hatas's property.

In order to determine whether the application of R.C. 2703.26 is constitutional and complies with due process requirements in the instant case, reference must be made to the United States Supreme Court's decision in *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. The *Mullane* court held that it was necessary to apply a balancing test when reviewing the notice requirements of the Due Process Clause. *Id.* at 313–314, 70 S.Ct. at 656–657, 94 L.Ed. at 872–873. In *Mullane,* a challenge to the sufficiency of notice by publication was made by a court-appointed special guardian for persons who had an interest in the numerous trust accounts that were consolidated into a common fund by Central Hanover Bank & Trust Co. The applicable statute in *Mullane* required notice by publication to trust beneficiaries. The Supreme Court held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objec-

tions." *Id.* at 314, 70 S.Ct. at 657, 94 L.Ed. at 873. Thus, the court found that notice by publication violated due process where the identity of a trust beneficiary and his/her address are known. *Id.* at 317–318, 70 S.Ct. at 658–659, 94 L.Ed. at 875–876.

The Supreme Court in *Mullane* further stated that personal service of process of written notice satisfies the due process requirements of notice and an opportunity to be heard in any judicial proceeding involving the deprivation of life, liberty, or property. *Id.* at 313, 70 S.Ct. at 656–657, 94 L.Ed. at 872–873. However, in order to determine whether less notice is adequate, the court stated that the interest of the state must be balanced against the "individual interest sought to be protected by the Fourteenth Amendment." *Id.* at 314, 70 S.Ct. at 657, 94 L.Ed. at 873. Moreover, the balancing of these interests is "case specific and not subject to any formula." *Cent. Trust Co. v. Jensen* (1993), 67 Ohio St.3d 140, 142, 616 N.E.2d 873, 875. See, also, *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873 ("The Court has not committed itself to any formula achieving a balance between these interests in a particular proceeding or determining when constructive notice may be utilized or what test it must meet"). This balancing test also contemplates "a party's knowledge and ability to protect itself." *Jensen,* 67 Ohio St.3d at 143, 616 N.E.2d at 876. However, "a party's ability to take steps to safeguard its interest does not relieve the State of its constitutional obligation." *Mennonite Bd. of Missions v. Adams* (1983), 462 U.S. 791, 799, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180, 188.

Regarding those persons whose identities and addresses are known, "notice must be such as is reasonably calculated to reach interested parties." *Mullane,* 339 U.S. at 318, 70 S.Ct. at 659, 94 L.Ed. at 875. The *Mullane* court found that notice by publication is not sufficient under the Fourteenth Amendment to the United States Constitution where the identities of interested parties are known or can be reasonably ascertained at the time the action is commenced. The court also stated that it did not "consider it unreasonable for the State to dispense with more certain notice to those * * * whose interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge of the common trustee." *Id.* at 317, 70 S.Ct. at 659, 94 L.Ed. at 875. Thus, the court found that notice by publication was sufficient for those persons whose addresses or interests were unknown to the trustee. *Id.* at 318, 70 S.Ct. at 659, 94 L.Ed. at 875–876.

In addition, the Ohio Supreme Court in *Jensen* has acknowledged that a judicial lienholder is entitled to notice by mail concerning the sale of property pursuant to a foreclosure action when the identity of the lienholder is actually known. *Id.,* 67 Ohio St.3d at 143, 616 N.E.2d at 876–877. In support of that proposition, the Ohio Supreme Court relied on *Cent. Trust Co. N.A. v. Spencer* (1987), 41 Ohio App.3d 237, 535 N.E.2d 347. In *Spencer,* a judgment creditor, upon obtaining a lien on real property, intervened in a foreclosure action

concerning that property. The foreclosure sale was stayed upon the debtor's filing an action for bankruptcy. However, that action was dismissed, and an action in foreclosure was again commenced. The judgment creditor, however, was not provided with notice of the sale. The First District Court of Appeals vacated the sale and held that "[j]ust as a mortgage is a protected property interest, so is a judicial lien." *Id.* at 239, 535 N.E.2d at 349. The court of appeals further stated that the judgment creditor "cannot be deprived of his interest without due process of law." *Id.* Thus, the court stated that the sale of the property without notice to the judgment creditor terminated the judgment creditor's interest without providing that creditor with an opportunity to bid on the property. *Id.* The court also noted that the judgment creditor's address was easily ascertainable, since he had been a party to the original foreclosure action.[1] *Id.*

 Analysis begins with the well-established proposition that "all legislative enactments must be afforded a strong presumption of constitutionality." *State v. Collier* (1991), 62 Ohio St.3d 267, 269, 581 N.E.2d 552, 553. As previously stated, in order to determine whether the constructive notice imputed to plaintiffs by R.C. 2703.26 satisfies the mandates of due process, it is necessary to balance the interests of the plaintiffs as judicial lienholders against the state's interest. *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873; *Jensen,* 67 Ohio St.3d at 141, 616 N.E.2d at 875.

In the instant case, the plaintiffs obtained judgments against Hatas on November 25, 1992, and on January 6, 1993. The foreclosure action was filed on November 2, 1992, by Home Savings. Prior to filing its foreclosure action, Home Savings conducted a title search on the property which was subject to the action. All persons or entities discovered in that title search were provided with notice and named as defendants in the foreclosure proceeding. Plaintiffs' liens were not discovered in the title search, since at the time the search was conducted, they had not yet acquired an interest in the property owned by Hatas. Plaintiffs, therefore, were not interested parties, nor could their identities be ascertained, since they did not yet have a lien on the property subject to the foreclosure action. Home Savings was not required to provide plaintiffs with actual notice of the foreclosure proceedings, since plaintiffs' interest in the property had not yet

---

1. It is important to note that both *Jensen* and *Spencer* are distinguishable from the case *sub judice.* In both *Jensen* and *Spencer,* the identities and addresses of the lienholders were known to the plaintiffs before the foreclosure sales. Plaintiffs' identities, in the instant case, were not known or easily ascertainable at the commencement of the foreclosure action, since they did not yet have a lien on the property which was subject to foreclosure.

been created. On January 26, 1993, approximately three months after the commencement of the foreclosure action, the plaintiffs filed their certificate of judgment lien. The plaintiffs never intervened in the foreclosure action. While the plaintiffs were not provided with actual notice of the foreclosure proceeding, they were charged with notice of the proceeding by operation of R.C. 2703.26 and, therefore, the statute placed the duty on plaintiffs to check the Clerk of Courts' records to determine whether any actions were pending against the property in which they were acquiring an interest. Had the plaintiffs checked the records, they would have discovered that the property on which they had filed judgment liens was involved in a foreclosure action.

Furthermore, when balancing the competing interests of both the state and plaintiffs, the constructive notice provided by the *lis pendens* statute does not violate due process. The state's interest in rendering final judgments clearly outweighs plaintiffs' interest in receiving actual notice. When the foreclosure action was commenced, Home Savings served all interested parties with actual notice of the foreclosure proceedings. To require plaintiffs in a foreclosure action to repeatedly check the records to determine whether any liens have attached during the pendency of a lawsuit creates greater due process safeguards for persons who are not ascertainable at the time the action is filed. In the instant case, to require repeated title searches would nullify the finality of judgments in foreclosure actions. Once a new lien was discovered, the proceedings would have to be vacated and final judgments in these types of proceedings would become impractical.

In addition, part of what is to be balanced is the plaintiffs' ability to protect themselves. Plaintiffs have not shown that it was impossible, at the time they filed judgment liens against the property owned by Hatas, to check the Clerk of Courts' records to determine whether there were any lawsuits involving the property. Had plaintiffs checked the records, they would have been aware that there was a foreclosure action pending, and they could have filed a motion to intervene in that action. Plaintiffs, however, argue that all that was required to satisfy due process was actual notice provided to them concerning the foreclosure action. However, they were not interested parties at the time the foreclosure action commenced, and the constructive notice provision in R.C. 2703.26 is reasonably calculated to provide parties with notice, since there is no other appropriate time frame to conduct a title search other than before a foreclosure action is commenced. At that point, plaintiffs did not have a property interest in the real estate subject to foreclosure. Since plaintiffs were not ascertainable at the time the foreclosure action was commenced, constructive notice via R.C. 2703.26 was constitutionally adequate. Thus, while plaintiffs did acquire a valid property interest in the property owned by Hatas, this interest was conditioned

upon the outcome of the foreclosure action and ultimately was extinguished by that action pursuant to R.C. 2703.26. Thus, the *Mullane* notice requirements are satisfied.

Plaintiffs next contend that the foreclosure proceedings were procedurally defective and, as a result, plaintiffs' liens were not extinguished. Plaintiffs argue that had an updated title search been conducted during the pendency of the foreclosure action as required by a local court rule, their liens on the property would have been discovered. Plaintiffs' argument, however, ignores the fact that the *lis pendens* statute places the burden on the plaintiffs to examine the court records to determine whether a lawsuit is pending against the property in which they had acquired an interest. Therefore, while the defendants may or may not have discovered plaintiffs' liens, the fact remains that the plaintiffs were charged with notice of the pendency of the foreclosure action. Moreover, the plaintiffs, pursuant to the *lis pendens* statute, are bound by the outcome of the foreclosure action; any violation of a local court rule by the defendants does not affect the outcome of the foreclosure action, since plaintiffs' liens were filed during the pendency of the action and were subject to the outcome of that action. Nor does the absence in the foreclosure judgment entry, dated January 4, 1994, of the release of any interest not specifically named preserve plaintiffs' lien, since their interest was subject to the outcome of the foreclosure suit pursuant to the *lis pendens* statute.

For all of the foregoing reasons, I find the defendants' arguments well taken, and summary judgment will be entered in their favor.

## JUDGMENT ENTRY

The court finds that there are no genuine issues of material fact and that defendants Robert Shiffler, Mortgage Investors Corp., and Standard Federal Bank are entitled to judgment as a matter of law. It is therefore ordered that defendants Robert Shiffler, Mortgage Investors Corp., and Standard Federal Bank have summary judgment against plaintiffs Montalena Allen–Baker and Michael Baker and that plaintiffs' complaint be dismissed with prejudice at plaintiffs' costs.

The court further finds that there are no genuine issues of material fact and that plaintiffs Montalena Allen–Baker and Michael Baker are not entitled to judgment as a matter of law. It is therefore ordered that plaintiffs Montalena Allen–Baker and Michael Baker's cross-motion for summary judgment is denied.

*Judgment accordingly.*