OPINION *Page 2 
{¶ 1} Defendants-appellants Farley and Joyce Amos ("Appellants") appeal the January 22, 2007 Judgment Entry entered by the Ashland County Court of Common Pleas, which denied Appellants' Amended and Restated Objections to Appraisement and Confirmation of Sale, and Amended and Restated Motion for Relief from Judgment and confirmed the sheriffs sale, ordered the deed and distribution of proceeds. Plaintiff-appellee is Ohio Farm Bureau Federation, Inc.'s ("Farm Bureau").
 STATEMENT OF THE FACTS AND CASE[1] {¶ 2} In 1979, Appellants started a peat mining operation on a small bog area on their 123 acre farm. For thirteen years, Appellants mined peat on the property pursuant to a permit issued by the Ohio Department of Mines. In the fall of 1992, the U.S. Army Corps of Engineers issued a stop order on Appellants' mining operation on the basis such activity may violate the Clean Water Act. Appellants applied for a mining permit from the Ohio EPA, which denied their request. Appellants' administrative appeal of the denial of the permit was unsuccessful.
 {¶ 3} From 1993 to 1995, Appellants sold peat which they had previously harvested or purchased from third parties in order to sustain their business. On November 12, 1993, Appellants filed a Chapter 11 bankruptcy petition. Appellants' petition in bankruptcy blocked a sheriff's sale of their farm which had been scheduled for November 15, 1993. *Page 3 
 {¶ 4} On March 3, 1995, Appellants sent a letter to a Farm Bureau Trustee, explaining their situation with the Ohio EPA and U.S. Army Corps of Engineers. Appellants asked for any help the Farm Bureau could provide them. Eventually, sometime in 1996, Appellants received a permit to mine peat in a restricted fashion. Despite obtaining the mining permit, Appellants were unable to resume mining peat on their property because of financial constraints and because their mining equipment had deteriorated during the stop-order. The Farm Bureau agreed to assist Appellants in restarting their business, and the parties entered into an agreement.
 {¶ 5} The parties executed a loan agreement, mortgage note, and mortgage on October 14, 1996. Pursuant to the loan agreement, the Farm Bureau would loan Appellants up to $300,000 with which to pay their creditors from the bankruptcy proceeding, and to re-start their business. Additionally, Appellants were to use $25,000 of the $300,000 to pay a retainer to the law firm of Bricker Ecklar. Appellants agreed to commence a "takings" lawsuit against the government. The loan agreement and the mortgage note both stated the Farm Bureau was interested in establishing a valuable legal precedent in the area of "takings law", and the Farm Bureau believed Appellants' situation was an example of a regulatory taking, requiring compensation under the Ohio and United States Constitutions.
 {¶ 6} Pursuant to the provision to advance the $25,000 retainer to Bricker Ecklar, Appellants would pay any additional legal fees in accordance with a contingent fee contract between the law firm and Appellants. The Farm Bureau had discretion to pay an additional retainer, but only with Appellants' prior approval. The parties agreed the approval would not be unreasonably withheld. The parties further agreed *Page 4 
Appellants would not settle or dismiss the "takings" case without first consulting the Farm Bureau.
 {¶ 7} The agreement called for interest at 8% per annum, calculated annually, from the date the money was advanced, and set forth six "payment dates", establishing when Appellants were to begin to re-pay the principal and interest. Prior to Appellants' filing their "takings" action, the United States District Court for the District of Columbia issued a decision in Am. Mining Congress v. United States Army Corps ofEngineers (D.D.C.1997), 951 F.Supp. 267. Therein, the district court invalidated the rule under which the Ohio EPA and the Army Corps of Engineers prohibited Appellants' mining operation. The D.C. Circuit Court of Appeals affirmed the district court's decision. Following this decision, Appellants' counsel advised them the decision would likely have an effect on their ability to mine peat and on the continued viability of their "takings" claim.
 {¶ 8} Thereafter, on November 24, 1997, Appellants submitted a new permit application. The Ohio EPA and the Army Corps of Engineers responded in December, 1997, advising Appellants they needed a Section 401 Water Quality Certification before the Army Corps of Engineers could issue the permit. By June 1998, Appellants had not applied for the permit. Meanwhile, the Ohio EPA advised Appellants the agency was reviewing and assessing the impact of the federal case on state programs. On October 15, 1998, the Ohio EPA notified Appellants their mining permit remained under consideration, and the agency would not bring any enforcement action against Appellants for their proposed mining operation. *Page 5 
 {¶ 9} On October 26, 1998, the Army Corps of Engineers informed Appellants' counsel Appellants could begin harvesting peat without a permit if such operation could be accomplished in a one-step process. Appellants mined peat without any permit, and without any interference from the Ohio EPA or the Army Corps of Engineers. However, after a short time, Appellants ceased the mining operations as they had depleted their funds, and the process of harvesting peat from the large bog proved more difficult than the harvesting from the small bog they originally mined.
 {¶ 10} Appellants did not make any payments on the note. On August 28, 2002, the Farm Bureau filed a Complaint for Foreclosure on the mortgage, alleging Appellants had failed to make payments on the over $500,000 the Farm Bureau had advanced them. Appellants filed an answer, but did not assert any counterclaims. During the pendency of the foreclosure action, Appellants filed a Petition in Bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio. The bankruptcy court dismissed Appellants' petition on August 15, 2003. The trial court dismissed the Farm Bureau's complaint without prejudice on August 21, 2003, in deference to the bankruptcy proceedings, unaware the bankruptcy court had dismissed the matter.
 {¶ 11} On September 16, 2003, the Farm Bureau re-filed its foreclosure action. Appellants filed an answer and counterclaim, arguing the Farm Bureau breached its obligations under the note. The Farm Bureau moved to dismiss the counterclaim and filed for summary judgment on all of the claims. Appellants moved to dismiss the complaint under the doctrines of maintenance and champerty. On March 26, 2004, the trial court granted the Farm Bureau's motion for summary judgment, and denied *Page 6 
Appellants' motion to dismiss. The trial court entered judgment in favor of the Farm Bureau in the amount of $749,073.81, plus interest, and foreclosed on the mortgage.
 {¶ 12} Appellants appealed to this Court. We found the trial court erred in granting judgment on the foreclosure as only $300,000, plus interest at 8% per annum, was secured by the mortgage and the balance of the indebtedness was unsecured. We also found the trial court erred in dismissing Appellants' counterclaim for breach of contract. We reversed and remanded the matter to the trial court. Ohio Farm Bur. Fedn., Inc.v. Amos, Ashland App. No. 04-COA-020, 2004-Ohio-4767.
 {¶ 13} On remand, Appellants moved for a default judgment on their counterclaim. The Farm Bureau responded by filing an answer to the counterclaim and a motion for summary judgment. Appellants moved to strike the Farm Bureau's answer as untimely. On June 20, 2005, the trial court denied Appellants' motion for default judgment and motion to strike, and granted the Farm Bureau's motion for summary judgment. The court entered judgment in favor of the Farm Bureau in the amount of $300,000 with interest in the sum of $169,846.08 as of April 25, 2005, and issued a decree of foreclosure. The trial court also granted summary judgment to the Farm Bureau on Appellants' counterclaim. The trial court memorialized its decision via Judgment Entry filed July 19, 2005. Appellants appealed to this Court, which affirmed. Ohio Farm Bur. Fedn.,Inc. v. Amos, Ashland App. No 05COA031, 2006-Ohio-1512. The Ohio Supreme Court declined to hear the case.
 {¶ 14} The trial court ordered the property be appraised, which was completed on August 24, 2005. The property was appraised at $475,000.00. The trial court scheduled the sheriffs sale for October 3, 2005. Prior to the scheduled sale, Appellants *Page 7 
filed a motion objecting to the appraisal, contending one of the three appraisers was not a freeholder in Ashland County, as required by statute. The trial court overruled the objection. Appellants did not raise any other objection to the appraisal. On the morning of the schedule sale date, Appellants filed a second Petition in Bankruptcy. The bankruptcy court subsequently granted the Farm Bureau relief from the automatic stay to continue to prosecute the foreclosure action.
 {¶ 15} On December 15, 2005, the trial court issued an order reactivating the case. The Farm Bureau immediately filed a praecipe with the Ashland County Clerk of Courts for an order of sale with appraisal, requesting the trial court utilize the August 24, 2005 appraisal. Appellants did not respond to the filing of the praecipe or to the Farm Bureau's request to utilize the prior appraisal amount. The sale was scheduled for February 13, 2006, and notice of such was duly published. The Farm Bureau did not attend the sale; therefore, did not bid on the property. The property went unsold for want of bidders.
 {¶ 16} On February 22, 2006, the Farm Bureau filed a motion for appraisement and sale, again requesting the trial court utilized the $475,000 appraisal amount, as such was less than six months old. Alternatively, the Farm Bureau asked the trial court to order the property re-appraised if the court did not deem the original appraisement satisfactory. The trial court granted the Farm Bureau's motion for appraisement and sale via order filed March 6, 2006. The Farm Bureau again filed a praecipe with the Ashland County Clerk of Courts, and instructed the Sheriff to utilize the $475,000 appraisal amount. Appellants did not respond to the praecipe or the use of the appraisal amount. The sale was scheduled for May 22, 2006, and notice of such was *Page 8 
duly published. Counsel for the Farm Bureau notified counsel for Appellants of the sale date. The sale proceeded on May 22, 2006, with the Farm Bureau submitting the successful bid.
 {¶ 17} The following day, May 23, 2006, Appellants filed a motion to set aside the sale. The motion did not raise any objections to the appraisement. Prior to the trial court's ruling on the motion, Appellants, through newly retained counsel, filed an Amended and Restated Motion to Set Aside Sale. Appellants subsequently filed an Amended and Restated Motion for Relief from Judgment, and Amended and Restated Objections to Appraisement and Confirmation of Sale.
 {¶ 18} Via Judgment Entry filed November 1, 2006, the trial court overruled the three motions, except with regard to Appellants' argument the Farm Bureau failed to join three alleged lienholders. The trial court ordered the Farm Bureau to file a current judicial title report to determine the validity of these lienholders' interests. The Farm Bureau filed the Final Judicial Report on November 21, 2006. Appellants filed objections to the report. On January 22, 2007, the trial court issued a judgment entry, denying Appellants' Amended and Restated Objections to Appraisement and Confirmation of Sale, and Amended and Restated Motion for Relief from Judgment. The trial court confirmed the Sheriff's Sale; ordered the deed and distribution the sale proceeds.
 {¶ 19} It is from this Judgment Entry Appellants appeal, raising the following assignment of error:
 {¶ 20} "I. THE TRIAL COURT ERRED IN CONFIRMING THE SHERIFF'S SALE IN THE FACE OF THE PROCEDURAL DEFECTS IN THE SALE PROCESS." *Page 9 
 I {¶ 21} In their sole assignment of error, Appellants maintain the trial court erred in confirming the sheriffs sale because of the procedural defects in the sale process.
 {¶ 22} On appeal from the confirmation of a judicial sale, this Court is limited to determining whether the sale was conducted as required by R.C. 2329.01 through R.C. 2329.61. See R.C. 2329.31; Bank One Dayton,N.A. v. Ellington (1995), 105 Ohio App.3d 13, 16. Appellant is limited to challenging the sheriff's sale, the confirmation order, or other events that occurred after the decree of foreclosure. See Bank One, NAv. Ray, 10th Dist. No. 04AP907, 2005-Ohio-3277, at ¶ 24. Issues regarding the validity of the mortgage lien and the foreclosure are not before this Court. "`Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court'." Ohio Sav.Bank v. Ambrose, 56 Ohio St.3d 53, 55, quoting Michigan Mtge. Corp. v.Oakley (1980), 68 Ohio App.2d 83, at paragraph two of the syllabus. Therefore, this Court reviews for an abuse of discretion. An abuse of discretion is more than mere error; it must involve "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 23} Appellants set forth three grounds upon which they predicate their argument. First, Appellants submit the numerous procedural defects in the sale process made confirmation improper. Next, Appellants contend substantial doubt exists regarding the accuracy of the August 24, 2005 appraisement as the appraisal amount fell far below the actual value of the property. Finally, Appellants assert the trial court's *Page 10 
failure to grant a hearing violated their rights of fundamental fairness and due process. We shall address each of these grounds in turn.
 {¶ 24} Appellants assert the confirmation of the sheriffs sale was improper in light of the numerous procedural defects in the sale process. Appellants explain the sale process was procedurally defective as a result of the Farm Bureau's failure to file a motion for confirmation; the trial court's failure to have the property reappraised for the May 22, 2006 sale; and the Farm Bureau's failure to provide Appellants with the statutorily mandated notice.
 {¶ 25} Appellants argue the proper procedure in order to obtain the confirmation of a sheriff's sale is to file a motion for confirmation. Appellants submit the Farm Bureau never filed such motion; therefore, the trial court's confirming the May 22, 2006 sale was premature, at best.
 {¶ 26} R.C. 2329.31, which sets forth the procedures for the confirmation for a sheriff's sale, provides, in toto:
 {¶ 27} "Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61, inclusive, of the Revised Code, it shall direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer make to the purchaser a deed for the lands and tenements."
 {¶ 28} Pursuant to R.C. 2329.31, the sheriff's return of a writ of execution is the filing which initiates the trial court's confirmation process. A requirement a party file a *Page 11 
motion for confirmation is absent from R.C. 2329.31, as well as the remainder of R.C. Chapter 2329. Accordingly, we find the Farm Bureau's failure to file such motion not a procedural defect to the confirmation of the sale.
 {¶ 29} Appellants further contend the sale process was defective as a new appraisement was not conducted for the May 22, 2006 sheriffs sale. The property was appraised on August 24, 2005, and a sheriffs sale was scheduled for October 3, 2005. On the morning of the scheduled sale, Appellants filed a petition in bankruptcy, which blocked the sale. The trial court reactivated the case on December 15, 2005. The Farm Bureau immediately filed a precipe with the Ashland County Clerk of Courts for an order of sale with appraisal, requesting the trial court utilize the August 24, 2005 appraisal. Appellants did not respond to the filing of the precipe or to the Farm Bureau's request to utilize the appraisal. The sheriff's sale was scheduled for February 13, 2006, however, the property went unsold for want of bidders.
 {¶ 30} On February 22, 2006, the Farm Bureau filed a motion for appraisement and sale, again requesting the trial court utilize the $475,000 appraisal amount from August, 2005. Alternatively, the Farm Bureau asked the trial court to order a reappraisal if the court did not deem the original appraisement satisfactory. The trial court granted the Farm Bureau's motion for appraisement and sale, and the Farm Bureau again filed a precipe with the Ashland County Clerk of Courts with instructions to the sheriff to utilize the $475,000 appraisal figure. Appellants did not respond to the Farm Bureau's motion for appraisement and sale, the precipe, or the use of the appraisal amount. The sale was scheduled for and preceded on May 22, 2006. Although Appellants filed a motion *Page 12 
to set aside the sale the following day, they did not raise any timely objections to the appraisement.
 {¶ 31} Because Appellants failed to object to the trial court's use of the original appraisal at the time the Farm Bureau requested it to do so, we find Appellants have waived any error related thereto. Additionally, a trial court has discretion to order a new appraisement and sale on motion of either party. See, R.C. Section 2329.52. As Appellants failed to timely request a new appraisal, we find no error.
 {¶ 32} Appellants also assert the sale process was procedurally defective as the Farm Bureau failed to provide them with notice.
 {¶ 33} The notice requirements pertaining to the sale of property in a foreclosure action are set forth in R.C. 2329. 26(A)(1)(a)(i). That section was amended in 1999, to provide lands and tenements taken in execution shall not be sold until the judgment creditor who seeks the sale "[c]auses a written notice of the date, time, and place of the sale to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered." This statute codifies the due-process requirements recognized by the Ohio Supreme Court in Cent. Trust Co. v. Jensen (1993), 67 Ohio St.3d 140,616 N.E.2d 873, and by this Court in Cent. Trust Co. v. Spencer (1987),41 Ohio App.3d 237, 535 N.E.2d 347.
 {¶ 34} R.C. 2329.27(B) states, in relevant part:
 {¶ 35} "Subject to divisions (B)(2) and (3) of this section, all sales of lands and tenements taken in execution that are made without compliance with the written notice requirements of division (A)(1)(a) of section 2329.26 of the Revised Code and the public *Page 13 
notice requirements of division (A)(2) of that section and division (A) of this section shall be set aside, on motion, by the court to which the execution is returnable.
 {¶ 36} "* * *
 {¶ 37} "(3) If the court to which the execution is returnable enters its order confirming the sale of the lands and tenements, the order shall have both of the following effects:
 {¶ 38} "(a) The order shall be deemed to constitute a judicial finding as follows:
 {¶ 39} "(i) That the sale of the lands and tenements complied with the written notice requirements of division (A)(1) (a) of section 2329.26 of the Revised Code and the public notice requirements of division (A)(2) of that section and division (A) of this section, or that compliance of that nature did not occur but the failure to give a written notice to a party entitled to notice under division (A)(1)(a) of section 2329.26 of the Revised Code has not prejudiced that party;
 {¶ 40} "(ii) That all parties entitled to notice under division (A)(1)(a) of section 2329.26 of the Revised Code received adequate notice of the date, time, and place of the sale of the lands and tenements."
 {¶ 41} The record reveals counsel for the Farm Bureau notified counsel for Appellants of the sale date. We find this sufficient constructive notice given the procedural history of this matter. Furthermore, pursuant to R.C. 2329.27(B)(3)(a)(i), the trial court's confirmation of the sale constituted a judicial finding, although compliance with the written notice requirement did not occur, the failure to provide such written notice did not prejudice Appellants. We find nothing in the record before this Court to establish Appellants were prejudice in any way by the Farm Bureau's failure to provide *Page 14 
them with written notice of the sale. We further find none of the alleged procedural defects rendered the trial court's confirmation of the sale improper.
 {¶ 42} We now turn to Appellants' contention substantial doubt exists regarding the accuracy of the August 24, 2005 appraisal, and such was far below the actual value of the property. Having failed to object to the appraisal during the course of the proceedings as noted supra, we find Appellants have waived any error relative thereto.
 {¶ 43} Finally, Appellants submit the trial court's failure to provide them with a hearing violated fundamental fairness and due process. We disagree. The Ohio Supreme Court has consistently held due process does not require an individual be afforded a hearing prior to the confirmation of sale in a foreclosure proceeding, and the decision to conduct such a hearing lies within the sound discretion of a trial court. Union Bank Co. Brumbaugh (1982), 69 Ohio St.2d 202, 209.
 {¶ 44} Based upon the foregoing, we find the trial court did not abuse its discretion in confirming the sheriff's May 22, 2006 sale.
 {¶ 45} Appellants' sole assignment of error is overruled.
 Hoffman, P.J., Farmer, J., and Delaney, J., concur *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to Appellants.
[1] As this matter is before this Court for the third time, our Statement of the Facts and Case shall largely be taken from our previous opinions. See Ohio Farm Bureau Fed'n, Inc. v. Amos, Ashland App. No. 05COA031, 2006-Ohio-1512; Ohio Farm Bureau Fed'on, Inc. v. Amos, Ashland App. No. 04COA020, 2004-Ohio-4767. *Page 1