**CONNECTICUT GEN. LIFE INS. CO. v.
BIRZER BLDG. CO. et al.**

Common Pleas Court, Hamilton County.

Nos. A-113084, A-113085.  Decided April 7, 1950.

</div>

Burke & Cooney, Cincinnati, for plaintiff.

Conrad Magrish, James G. Headley, Robert F. Dreidame, William B. Davis, Sidney C. Brant, Cincinnati, Hiram Bolsinger, Norwood, Charles M. Evans, Alton E. Purcell, Cincinnati, for defendants.

## OPINION

By WEBER, J.

The matter set forth in the two petitions and amended petitions requires the rendition of certain money judgments, determination of the validity of liens, foreclosure of the mortgages and sale of the properties, and also to determine priorities and marshaling of liens.

In order to expedite the sale of the property, this opinion is directed solely to the determination of the validity of the lien filed by the defendant, Anthony Birzer, rendering judgment on the notes set out in the two petitions and ordering

the foreclosure of the two mortgages given to secure the two notes and the sale of each of the properties respectively described in each of the cases.

On December 1, 1947, Anthony Birzer recorded a lien in Lien Book 61, page 467, under the provisions of §8339 et sèq GC, on all the real estate owned by the Birzer Building Company, including the real estate described in the petitions filed in the above two cases, for work previously done. Anthony Birzer, on December 13, 1947, filed a petition and on April 6, 1948, an amended petition, Case No. A-107970, describing the real estate described in the petitions filed in cases No. A-113084 and A-113085, praying for a judgment of $2,750.00 and for a determination of the validity and priority of his lien and for a foreclosure and sale of the real estate.

The only defendants in Case No. A-107970 are the Birzer Building Company and Mack Wahn. The Birzer Building Company was in default for answer. On January 3, 1949, a decree was entered by Judge Hess rendering judgment for the plaintiff, Anthony Birzer, in the sum of $2,750 with interest from November 20, 1947, the total judgment being $2,935.50, with interest from January 3, 1949, also that the said lien of Anthony Birzer was a valid lien. On January 5, 1949, the General Casualty Company of America filed a motion to be made a party and to vacate said judgment. On January 13, 1949, the Hilltop Building Materials, Inc., filed a motion to be made a party and to vacate said judgment. Both motions were overruled.

On May 10, 1948, the Birzer Building Company executed a note to the Connecticut General Life Insurance Company and secured the same by mortgage recorded May 19, 1948. in Mortgage Book 2210, page 462, on the real estate described in the petition of the Connecticut General Life Insurance Company filed November 6, 1948, Case No. A-113085.

On May 10, 1948, the Birzer Building Company executed a note to the Connecticut General Life Insurance Company and secured the same by mortgage recorded on May 19, 1948, in Mortgage Book 2210, page 457, on the real estate described in the petition of the Connecticut General Life Insurance Company filed November 6, 1948, Case No. A-113084.

The Birzer Building Company, Anthony Birzer, the General Casualty Company of America were made defendants in cases No. A-113084 and A-113085. There were other defendants, including numerous holders of mechanics' liens filed under §8310 et seq GC. On July 29, 1949, The Lawyer's Title Insurance Company was made a party in these cases.

On September 10, 1948, work was stopped on the two build-

ing projects. It is claimed there was a default in the payments on the notes and that the conditions of the mortgages were broken. In Case No. A-113084 the plaintiff asks for a judgment against the Birzer Building Company in the sum of $2,749.80, for moneys advanced according to the terms of the contract, with interest at four per cent per annum from October 1, 1948, foreclosure of the mortgage and sale of the property described in the petition and a determination of priority and marshaling of liens.

In Case No. A-113085 the plaintiff asks for a judgment of $10,914 for moneys advanced according to the terms of the contract, with interest at four per cent per annum from September 1, 1948, foreclosure of the mortgage and sale of the property described in the petition and a determination of priority and marshaling of liens.

The Hilltop Building Materials, Inc., which filed three mechanics' liens under the provisions of §8310 et seq GC, in their answer claims that the lien of Anthony Birzer is invalid.

The General Casualty Company of America in their answer also claims that the lien of Anthony Birzer is invalid. With notice of the lien of Anthony Birzer The Lawyer's Title Insurance Company insured the title to the properties described in these petitions; the Birzer Building Company as principal and the General Casualty Company of America as surety executed a bond indemnifying The Lawyer's Title Insurance Company against loss by reason of the claim or lien of Anthony Birzer under its title of insurance.

The first question determined in this opinion is whether the judgment rendered in the decree entered by Judge Hess on January 3, 1949, is res judicata and binding on all the defendants in these two cases. The mortgage interest of the Connecticut General Life Insurance Company is derived from the title of the Birzer Building Company to the real estate described; the interest of The Lawyer's Title Insurance Company and the interest of the General Casualty Company of America are derived, through said mortgage, from the title of the Birzer Building Company to the real estate described. The parties are all in privity of estate with the Birzer Building Company, the defendant in Case No. A-107970.

The holders of the mechanics' liens against the property filed under §8310 et seq GC, also derive their interest from the title of the Birzer Building Company to the property described, and they are also in privity of estate with the Birzer Building Company, the defendant in Case No. 107970. All these parties defendants claim that their interests existed in the property described in the petition in Case No. A-107970.

These interests were acquired during the pendency of said suit. If they had an interest, they were proper, though not necessary parties; they could have intervened in said suit at any time before judgment, that is, before January 3, 1949, and contested the validity of the lien of Anthony Birzer. Their motions to be made a party were filed after the entry of the decree rendering judgment in favor of Anthony Birzer and declaring his lien to be valid. The precise question is whether that decree is res judicata and binding on all said parties in the cases now before the Court, namely, A-113084 and A-113085.

Sec. 11300 GC provides the rule for determining this question: "When the summons has been served or the publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." This rule is well settled and is clearly explained in the case of Cook v. Mozer, 108 Oh St 30, at pages 36 and 37, 140 N. E. 590, at page 592: "The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. This is so irrespective of whether he has been made a party to the proceeding, or had actual notice of the pendency of the proceeding, and even where there was no possibility of his having had notice of the pendency of the litigation. It is immaterial that a purchaser was a bona fide purchaser and for a valuable consideration. * * * It has been said that it is essential to the existence of a valid and effective lis pendens that three elements be present: (1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or res involved must be sufficiently described in the pleadings. It may be added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit." See also Restatement of the Law of Judgments, Chap. 4, Section 89, p. 433 and also Chap. 4, Section 83, p. 389.

A case exactly in point is reported in Stout v. Lye, 103 U. S. 66, 26 L. Ed. 428.

Since this case answers all the questions with regard to

res adjudicata raised in the two cases under consideration the court thinks it is sufficient to support the conclusion it will reach to quote at length from said case. The facts of the case are: November 10, 1873, the bank recorded its mortgage on certain described real estate, and on January 15, 1876, it commenced a suit against Lye to foreclose and process was served upon Lye, January 20, 1876, in the Court of Common Pleas of Allen County, Ohio. The Stouts commenced suit in the United States District Court for the Northern District of Ohio, December 29, 1875, to recover a money judgment. Judgment was rendered January 31, 1876, and the effect of the judgment, under the statute then in force, was to bind the lands from the first day of the term, that is, January 4, 1876. February 23, 1876, the Stouts commenced a second suit on the judgment in said Federal Court making the bank a party and setting up the invalidity of the bank's mortgage. March 7, 1876, the bank obtained a judgment against Lye in their suit in the Allen County Court for the amount of their note and a decree for foreclosure. In their answer in the second suit in the Federal Court the bank set up these facts and, based upon those facts, the second suit in the Federal Court was dismissed.

"The mere fact, therefore, that the Stouts commenced this suit in the Circuit Court before judgment was rendered in the State court in favor of the bank is of no importance. The point to be decided is whether the judgment in the State court binds the Stouts, they not having been parties to the suit in which it was rendered. The rule is, that where suits between the same parties in relation to the same subject-matter are pending at the same time in different courts of concurrent jurisdiction, a judgment on the merits in one may be used as a bar to further proceedings in the others.

"It is also an elementary rule that 'if, pending a suit by a mortgagee to foreclose the equity of redemption, the mortgagor makes a second mortgage, or assigns the equity of redemption, an absolute decree of foreclosure against the mortgagor will bind the second mortgagee or assignee of the equity of redemption.' * * *

"As this incumbrance was created pendente lite, there can be no question that it comes within the rule just stated as governing such transfers, unless the rights of the parties are changed because the lien, when created, bound the property from January 4 as against other liens and conveyances made by the mortgagor. The inquiry is not as to the extent or validity of the lien, but whether the holder is any less an incumbrancer, pendente lite, because although his

incumbrance was actually created while the suit was pending, it bound the land, for certain purposes, from an earlier date. Confessedly the lien of the bank, if its mortgage was valid, was in any event superior to that of the judgment. The only point in controversy is as to the necessity of making such an incumbrancer a party to a pending suit in order to cut off by a foreclosure his interest thus acquired in an equity of redemption. No doubt the Stouts, as soon as their judgment was rendered, had a lien on the mortgaged property, which for some purposes antedated the foreclosure suit; but until they had secured their lien they would not have been heard to contest the validity of the bank's mortgage, or the amount that was due on the mortgage debt. * * * They might have appeared in the Common Pleas and asked to be admitted to defend the bank's suit, or for some other appropriate relief. * * * By electing to bring a separate suit the Stouts voluntarily took the risk of getting a decision in the Circuit Court before the State court settled the rights of the parties by a judgment in the suit which was pending there. Failing in this, they must submit to the same judgment that has already been rendered against their representative in the State Court. * * * It is true the mortgagor did not set up as a defense that the bank had no right to take the mortgage, or that he was entitled to certain credits because of payments of usurious interest, but he was at liberty to do so. Not having done so, he is now concluded as to all such defences, and so are his privies."

The case of **Coe v. Erb, 59 Oh St 259,** 52 N. E. 640, cited by the General Casualty Company of America does not involve the doctrine of lis pendens and therefore is not in point.

This court holds that the judgment in favor of Anthony Birzer, the plaintiff therein, against the Birzer Building Company, defendant therein, for the sum of $2,935.50, with interest at the rate of six per cent per annum from January 3, 1949, and the finding that the lien recorded on December 1, 1947, in Lien Book 61, page 467, to secure the payment of said amount, is a valid lien, rendered in the decree entered on January 3, 1949, in Case No. A-107970, are res judicata and binding on the parties in Cases No. A-113084 and A-113085.

This court further finds that there is due the plaintiff therein, the Connecticut General Life Insurance Company, from the defendant therein, the Birzer Building Company, on the promissory note set forth in the first cause of action in Case No. A-113084, the sum of $10,914 with interest at the rate of four per cent per annum from September 1, 1948; that the mortgage recorded on May 19, 1948, in Mortgage Book

2210, page 457, executed to secure the payment of said note, is a valid lien on the real estate described in the petition; and that the conditions of said mortgage have been broken, and that the mortgage be foreclosed and said real estate sold.

The court further finds that the chattel mortgage set forth in said petition is a valid and subsisting lien on the chattel property therein described, and that the plaintiff is entitled to have said chattel property sold to pay it the amount due it as aforesaid.

The court further finds that there is due the plaintiff therein, the Connecticut General Life Insurance Company, from the defendant therein, the Birzer Building Company, upon the promissory note set forth in the first cause of action in Case No. A-113085, the sum of $2,749.80, with interest thereon at the rate of four per cent per annum from the first day of October, 1948; that the mortgage recorded on May 19, 1948, in Mortgage Book 2210, page 462, executed to secure the payment of said note is a valid lien on the real estate described in said petition; that the conditions of said mortgage have been broken and that said mortgage be foreclosed and the said real estate sold.

The court further finds that the chattel mortgage set forth in said petition is a valid and subsisting lien on the chattel property therein described, and that the plaintiff is entitled to have said chattel property sold to pay it the amount due as aforesaid.

Cases No. A-113084 and A-113085 are continued for a further opinion determining the priorities of the several lienholders and the final distribution of the proceeds of the sale of said real estate.

A decree should be prepared accordingly in each of said cases.