OPINION
{¶ 1} This case comes before this court on Donald D. Hall's appeal of the trial court's order of confirmation and of preliminary distribution of real property following a judgment of foreclosure.
 {¶ 2} National Union Fire Insurance Company ("National Union") obtained a judgment against Hall in bankruptcy court and filed a certificate of judgment with the Montgomery County Court of Common Pleas on March 27, 1997 to perfect a lien against Hall and to foreclose on real property owned by Hall in Montgomery County, Ohio. The property at issue was real property which Hall had owned in fee simple located at 274 Tauber Drive in Centerville, Ohio. National Union instituted the foreclosure action against Hall regarding this property in December of 1997.
 {¶ 3} After much delay and many court proceedings, National Union filed a motion for summary judgment on December 15, 1999. The trial court granted the motion and entered a judgment decree in foreclosure on February 22, 2000. The property was sold, but the trial court vacated the sale when Hall filed bankruptcy in May of 2000.
 {¶ 4} Hall's bankruptcy petition was dismissed and the case was reinstated. In an effort to proceed with the sale of the property, National Union gave notice of the property's sale in the Daily Court Reporter. In the notice, National Union misspelled the property's street name as "Taubert" Drive instead of "Tauber" Drive, however the legal description, parcel number, address number, city, state and zip code were correct.
 {¶ 5} On February 20, 2002, National Union filed a certification with regard to notice of the Sheriff's sale. Hall filed a motion to vacate the sale date and set aside the judgment. The magistrate overruled Hall's motion on March 18, 2002. Three days later, Hall filed objections to the magistrate's decision. The Sheriff's sale commenced on March 22, 2002.
 {¶ 6} On April 2, 2002, the trial court filed an order of confirmation of the sale and overruled Hall's motion to vacate. Hall filed a notice of bankruptcy and a motion to stay proceedings with the trial court on April 4, 2002. The trial court denied the motion for stay and the proceeds were distributed pursuant to court order.
 {¶ 7} Hall filed a notice of appeal and now asserts five assignment of error.
 {¶ 8} Hall's first assignment of error:
 {¶ 9} The trial court erred by confirming the sale over Defendant's objection where Plaintiff failed to comply with the certification requirements set forth in Local Rule 2.23 I and 2.23 II.
 {¶ 10} Hall asserts that the January 18, 2002 certification was defective, as National Union failed to state whether there were any exceptions to the title instead of just reiterating the language of the applicable rules. Additionally, Hall claims that National Union failed to update the title examination as required, but instead simply certified that the examination had been "extended to November 24, 1997," the original date of the examination and four years before the final order of sale and even prior to the initial complaint having been filed.
 {¶ 11} We find Hall's assertions to have no merit. The primary purpose of a foreclosure sale is to protect the interests of the mortgagor/debtor while ensuring that secured creditors receive payment for unpaid debts. Ohio Sav. Bank v. Ambrose (1990), 56 Ohio St.3d 53,56, 563 N.E.2d 1388, citing Union Bank Co. v. Brumbaugh (1982),69 Ohio St.2d 202, 208, 23 O.O.3d 219, 431 N.E.2d 1020. Furthermore, the purchaser of the foreclosed property likewise has a protected interest once the sale has been confirmed. Ambrose, 56 Ohio St.3d at 55.
 {¶ 12} Preliminarily, we note that the decision whether to confirm or set aside a judicial sale is left to the sound discretion of the trial court. Id. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude that is "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 13} Additionally, an extra protection is invoked once the debtor is served with notice that there is an action pending. Thus, transfers of property occurring after, at the latest, the date of service, are made subject to the doctrine of lis pendens.
 {¶ 14} The doctrine of lis pendens, codified in R.C. 2703.26, states that "[w]hen summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." Thus, protection is afforded to the creditor such that if a third party acquires an interest in the property while the action is pending, the third party takes the property subject to the final outcome of the action, and is as conclusively bound by the result of litigation as if the third party had been a party to the litigation from the outset. Cook v. Mozer (1923),108 Ohio St. 30, 140 N.E. 590; Martin, Rochford Durr v. Lawyer'sTitle Ins. Corp. (1993), 86 Ohio App.3d 20, 22, 609 N.E.2d 1130. In order for lis pendens to apply, three elements must be present: "(1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or res involved must be sufficiently described in the pleadings."Cook, supra, at 37. Additionally, "the litigation must be about some specific thing that must be necessarily affected by the termination of the suit." Id.
 {¶ 15} In this case, National Union filed its certificate of judgment in December of 1997. The filing of that certificate invoked the doctrine of lis pendens. See Gates v. Berger (Nov. 21, 1996), Franklin App. No. 96APE04-544; Central Trust Co. v. Young (Dec. 2, 1993), Franklin App. No. 93AP-785. Further, the property at issue is real property and, therefore, of a character to be subject to the rule. There is no dispute that the Montgomery County Court of Common Pleas has jurisdiction over the parties to this case or the res, the legal description of the property is fully set forth in the complaint, and the property is necessarily affected by the foreclosure action. Thus, whatever interest in the property that could have been passed would have been subject to the judgment in this case.
 {¶ 16} We note that Hall does not allege that he failed to continually hold title to the property during the time of the pending action, or that anyone else had an interest in the property. Had there been someone with an interest gained in the property during this time, they would have been subject to the doctrine of lis pendens.
 {¶ 17} Accordingly, we find no abuse of discretion in the trial court's confirmation of the sale, as no prejudice to Hall or other individuals occurred. We overrule Hall's first assignment of error.
 {¶ 18} Hall's second assignment of error:
 {¶ 19} The trial court erred by entering a summary judgment for foreclosure against the Defendant, over the Defendant's objection, and without a hearing where Defendant alleged in an affidavit that Plaintiff failed to serve Defendant with a copy of the motion for summary judgment.
 {¶ 20} Hall contends that the trial court abused its discretion when it failed to address whether National Union had properly served him with the December 15, 1999, motion for summary judgment.
 {¶ 21} The record reflects that National Union filed a motion for summary judgment on December 15, 1999. In the certificate for service accompanying the motion, National Union indicated that it had served the parties, including Hall, via U.S. mail on December 14, 1999. The address listed for service for Hall was "274 Tauber Dr., Centerville, Ohio 45459." On February 22, 2000, the trial court granted the motion and filed a judgment and decree in foreclosure.
 {¶ 22} The property was sold, however the trial court vacated the sale in May of 2000 when Hall filed bankruptcy proceedings. The case was reactivated in December of 2000, and the process of the sale began once again. Hall now claims that it was error for the trial court to grant the motion for summary judgment. We disagree.
 {¶ 23} The record indicates that Hall was served via ordinary U.S. Mail on December 14, 1999, at his Tauber address. For these reasons, service was completed pursuant to Civ.R. 5(B), which states that copies of motions and other pleadings "shall be made by * * * mailing it to the last known address of the person to be served * * *. Service by mail is complete upon mailing." Thus, it was not error for the trial court to find that Hall had been served with a copy of the motion for summary judgment.
 {¶ 24} Furthermore, Hall failed to demonstrate how the alleged error was prejudicial. He raises no defenses which he was prevented from raising in response to the motion for summary judgment.
 {¶ 25} For the above reasons, we overrule Hall's second assignment of error.
 {¶ 26} Hall's third assignment of error:
 {¶ 27} The trial court erred by entering an order of confirmation and distribution over Defendant's objection where the notice of sale published in the Daily Court Reporter listed the wrong address for the property.
 {¶ 28} Hall finds error in the trial court's decision to overrule the motion to vacate the sale date, as it improperly listed the address of the property as "274 Taubert Drive" instead of "274 Tauber Drive" in the proof of publication.
 {¶ 29} R.C. 2329.23 provides that "[a]ll notices and advertisements for the sale of lands and tenements located in a municipal corporation, made by virtue of the proceedings in a court of record therein, in addition to a description of such lands and tenements, shall contain the street number of the buildings erected on the lands, or the street number of the lots offered for sale. If no such number exists, then the notice or advertisement must contain the name of the street or road upon which such lands and tenements are located, together with the names of the streets or roads immediately north and south or east and west of such lands and tenements that cross or intersect the street or road upon which they are located."
 {¶ 30} We agree with the trial court that a mistake in an advertisement does not necessarily require it to vacate a sale. A mistake in a legal advertisement of property offered at a judicial sale must not be a technical one. King v. Newark Trust Company (1957), 77 Ohio Law Abs. 519, 521, 150 N.E. 515. For a court to vacate the sale, the mistake must be such that it mischaracterizes the nature or condition of the offered property. Id.
 {¶ 31} Additionally, "the object of an advertisement is not to apprise the purchaser of all details connected with the title, but merely to attract them by a general description of the property to be sold." Id.
 {¶ 32} In this case, National Union published an advertisement and notice for sale in the Daily Court Reporter. The advertisement incorrectly described the property at issue as "274 Taubert Drive" instead of 274 Tauber Drive. The trial court noted that there was "apparently no inaccuracy in the legal description or the address number and city, state, and zip code. The advertisement does contain a description of the house. The advertisement includes a parcel number and there is apparently no inaccuracy in that number." Accordingly, the trial court properly overruled Hall's motion to vacate and instead found that National Union had advertised the sale in accordance with court order and normal procedure.
 {¶ 33} The trial court further noted that there would be no other reason to vacate the sale, as the mistake was technical and did not mischaracterize the nature or condition of the property. The trial court found that the street involved was the only one of that name in the metropolitan Dayton area, and that it was the only street with that name in Centerville, Ohio. In fact, the trial court did not find another street with a similar name in the Dayton area. For those reasons, along with the fact that the other descriptions contained in the advertisement were correct, the trial court found that there would not likely be resulting confusion from the misspelling, and that the property was "sufficiently identified."
 {¶ 34} We agree, and overrule Hall's third assignment of error.
 {¶ 35} Hall's fourth assignment of error:
 {¶ 36} The trial court erred by entering an order of confirmation and distribution over Defendant's objection where Plaintiff's purported certificate of service of notice of sale fails to comply with the requirements of Loc.R. 2.23 IV.
 {¶ 37} Hall claims that National Union's failure to specify the names and addresses of the interested parties or their counsel in the certificate of service was a failure to comply with Loc.R. 2.23 IV. Accordingly, Hall argues that the trial court erred in confirming the sale over his objections.
 {¶ 38} Loc.R. 2.23 IV states the following requirements of certifying a notice of sale:
 {¶ 39} "REQUIRED FILING: Not less than fourteen (14) days prior to the scheduled sale date, counsel for the party requesting the sale shall file with the Clerk of Courts a Certificate of Service of Notice of Sale Date specifying the date and manner of service and the names and addresses of all interested parties or their respective counsel of record who were sent notice. Failure to timely file the certificate of service required by this rule shall constitute grounds for denial of the confirmation of sale."
 {¶ 40} According to the record in this case, National Union filed its "Certification with Respect to Notice of Sheriff's Sale" with the Montgomery County Court of Common Pleas on February 20, 2002. The certification was filed outside the fourteen day window as required in the rules, and the document contained the names and addresses of those to be served and the date and manner in which service was to occur. Additionally, the certificate was filed two days after the service had been perfected.
 {¶ 41} Consequently, we find no merit in Hall's fourth assignment of error.
 {¶ 42} Hall's fifth assignment of error:
 {¶ 43} The trial court erred by entering an order of confirmation and distribution over Defendant's objection where the appraiser failed to enter the premises.
 {¶ 44} Hall contends that the sale should have been set aside for failure of the appraisers to comply with the requirement of R.C. 2329.17
that the property be appraised upon an "actual view." R.C. 2329.17
requires the sheriff to "call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them an oath impartially to appraise the property so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money."
 {¶ 45} There is limited Ohio case law on this topic. In In reSlane (1899), 9 Ohio Dec. 830, the Hamilton County Court of Insolvency found that where appraisers "do not enter the building and make an examination of its interior, but inspect it from the outside only, a proper view of the property has not been made." Another court upheld a confirmation even though the evidence presented at the hearing indicated the appraisers did not view the inside of the building, but were only able to look inside the house through some of the windows. St. JosephMortgage Co. v. Allison (Dec. 13, 1985), Columbiana App. No. 85-C-10.
 {¶ 46} In reviewing both these cases, this court concluded inGlendale Fed. Bank v. Brown (Jan. 21, 1994), Montgomery App. No. 13976, that where the condition of a house may have an impact on the value of the real property on which it stands, the house should be entered by the appraisers who, under R.C. 2329.17, are required to conduct their appraisal upon actual view.
 {¶ 47} Hall relies upon our decision in Glendale, and also onTrumbull Savings Loan Company v. Stychno (Jan. 19, 1996), Trumbull App. No. 94-T-5166. In Trumbull, the appellant presented an affidavit from a licensed appraiser who had been familiar with the residence at issue, and familiar with the interior of the home. The appraiser stated that the residence could not be properly and accurately appraised without viewing the interior. Thus, there was evidence that the condition of the interior of the home may have had an impact on the value of the real property on which it was situated. For this reason, the appellate court found that the appraisal had not be conducted properly.
 {¶ 48} The facts in this case are easily distinguishable from those in Glendale and Trumbull. In the instant case, there is no evidence that the condition of the house would have impacted the value of the property. In fact, Hall failed to show how he was prejudiced by the failure of the appraisers to enter the house and view the interior prior to appraising the property. Instead, all three appraisers valued the home at the same amount, and this amount was similar to the estimated value of the property which Hall had provided to the bankruptcy court.
 {¶ 49} We find no evidence in the record to demonstrate prejudice to Hall by the appraisers' failure to enter the house in conformance with R.C. 2329.17. For this reason, we overrule Hall's final assignment of error.
 {¶ 50} The judgment of the trial court is affirmed.
FAIN, P.J. and GRADY, J., concur.