OPINION
{¶ 1} Defendant-appellants, Randil J. Rudloff, as executor of the estate of Edna M. Jarman, Robert W. Ellis, and Sandra Lee Ellis appeal the decision of the Trumbull County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee, Beneficial Ohio, Inc., in a foreclosure action. For the following reasons, we reverse the decision of the court below. *Page 2 
 {¶ 2} On December 30, 1998, Jarman executed and delivered to her son, Dale S. Ellis, a quit claim deed, which conveyed to him lots 54, 55, 56, 57, 58, and 61 of the Ira B. Mackey plat in Vienna Township, Trumbull County, Ohio. Dale duly recorded the deed with the Trumbull County Recorder.
 {¶ 3} On May 29, 2001, Jarman filed a civil action against Dale, seeking to set aside her previous conveyance of lots 54, 55, 56, 57, and 58 to Dale on the basis of fraud. Bank One, N.A., which held a mortgage on the contested parcels, was also named as a defendant.
 {¶ 4} On June 4, 2001, Bank One was served with a copy of Jarman's complaint to set aside the December 1998 conveyances.
 {¶ 5} On July 24, 2001, Beneficial entered into loan agreements with Dale for $64,699.43 and $10,000, secured by mortgages on the contested parcels. These mortgages were duly recorded on July 25, 2001.
 {¶ 6} On July 26, 2001, Dale was served with a copy of Jarman's complaint to set aside the December 1998 conveyances.
 {¶ 7} On October 26, 2001, a default judgment was entered in Jarman's suit against Dale and Bank One, setting aside the conveyance of lots 54, 55, 56, 57, and 58 to Dale and restoring ownership of them to Jarman. A certified copy of the October 26, 2001 judgment entry was duly recorded on November 6, 2001.
 {¶ 8} Jarman died on September 21, 2003, and was survived by her children, Dale, Robert, and Sandra. On October 27, 2003, Rudloff was appointed executor of the estate. *Page 3 
 {¶ 9} On February 4, 2004, Beneficial filed the present foreclosure action. The trial court ultimately entered a default judgment against Dale, finding the mortgages in default and Beneficial entitled to foreclose.
 {¶ 10} On July 19, 2004, Beneficial moved for summary judgment on the issue of the validity and priority of its liens on the subject property over the interest of Jarman's estate. Appellants opposed Beneficial's motion on the grounds that the doctrine of lis pendens, as codified as R.C. 2703.26, applies to defeat the priority of Beneficial's liens and bar Beneficial from claiming an interest in the subject property. On these grounds, appellants also moved for summary judgment
 {¶ 11} On February 16, 2006, the trial court entered judgment in favor of Beneficial, on the ground that "the lis pendens doctine does not apply to invalidate a lien until the defendant from whom the lien holder acquired his interest in property receives service of process in an action. Since Beneficial's mortgage on the Property was recorded one day before Defendant, Dale Ellis received service of process in theJarman v. Ellis case, lis pendens did not attach to Beneficial's lien." The trial court further ordered the appellants' redemption equity foreclosed and the subject property to be sold.
 {¶ 12} Rudloff, Robert, and Sandra timely appeal and raise the following assignment of error: "The trial court committed reversible error in granting appellee's motions for summary judgment."
 {¶ 13} "The doctrine of lis pendens has long been established and recognized as the general law of the land upon the broad public policy of maintaining the status quo of rights and interests in property involved in litigation, not only as between the parties thereto but as to third parties having conflicting interests, until the action pending has *Page 4 
been finally adjudicated." Cook v. Mozer (1923), 108 Ohio St. 30, at paragraph one of the syllabus; Katz v. Banning (1992),84 Ohio App.3d 543, 549 (citation omitted). The origin of the doctrine is in equity and, thus, equitable principles apply in its application. Katz,84 Ohio App.3d at 550.
 {¶ 14} "The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. This is so irrespective of whether he has been made a party to the proceeding, or had actual notice of the pendency of the proceeding, and even where there was no possibility of his having had notice of the pendency of the litigation. It is immaterial that a purchaser was a bona fide purchaser and for a valuable consideration. While there is no doubt whether lis pendens has the effect of constructive notice, it is almost universally held that strictly speaking the doctrine of lis pendens is not founded upon notice but upon reasons of public policy founded upon necessity. For practical purposes, however, it is immaterial whether the doctrine of lispendens be considered as based on constructive notice or on public policy." Cook, 108 Ohio St. at 36-37 (citation omitted).
 {¶ 15} The doctrine has been codified as follows: "When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." R.C. 2703.26 (former G.C. 11300 and R.S. 5052 and 5055). *Page 5 
 {¶ 16} The issue before us is whether the doctrine of lis pendens applied to Jarman's action to recover the properties fraudulently conveyed to Dale, in particular, whether "summons ha[d] been served" in that action, as required by the statute, so as to charge Beneficial with pendency of the action at the time it acquired its interest from Dale.
 {¶ 17} As described above, Jarman's action was brought against Dale and Bank One. Beneficial acquired its interest after the service of summons and the complaint on Bank One but before such service was effected on Dale. Thus, the narrow question is whether service of summons on one defendant is sufficient to invoke the doctrine, or whether it is necessary that the particular defendant from whom the third party acquires its interest must have been served before the doctrine applies.
 {¶ 18} We hold that service upon any defendant is sufficient to invoke the doctrine of lis pendens. We note that R.C. 2703.26 is silent regarding who must be served for the action to be deemed pending. Accordingly, it was not necessary for Jarman to serve any particular defendant in order to gain the protection afforded by the doctrine. This construal of the statute is consistent with Ohio Civil Rule 3(A), which provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." In the prior litigation, service was obtained upon a named defendant, Bank One, within one year from the filing of the complaint. Under R.C. 2703.26 and Civ.R. 3(A), at the time Beneficial acquired its interest, an action involving the subject property was pending.
 {¶ 19} Beneficial argued, and the lower court ruled, that it was necessary that Dale be served with summons before its interest could be subject to Jarman's. Beneficial relies upon the Ohio Supreme Court's decision in Cook, which states "it is *Page 6 
essential to the existence of a valid and effective lis pendens that three elements be present: (1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or res involved must be sufficiently described in the pleadings. It may be added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit." Cook, 108 Ohio St. at 37.
 {¶ 20} Although this language has been quoted in subsequent appellate decisions, the necessity of acquiring jurisdiction over a particular defendant was not specifically addressed or argued in those decisions. Cf. Pease Co. v. Huntington Natl. Bank (1985), 24 Ohio App.3d 227, 230
(indicating that service upon "a defendant" would be sufficient to invoke the doctrine) (emphasis added).
 {¶ 21} The requirement that the court has jurisdiction over a particular defendant before the doctrine will apply to the acquisition of interests from that defendant does not serve the "sound and wholesome" purpose of the doctrine, i.e. "preserving the status quo of all conflicting rights and interests in the property in question until there is a final adjudication of the issues raised in the pending suit."Cook, 108 Ohio St. at 39.
 {¶ 22} As noted above, this purpose is both practical and equitable. There is no practical benefit in effecting service upon a particular defendant in a lawsuit before the doctrine will apply. In terms of providing notice, the pendency of Jarman's suit to set aside the conveyance to Dale was equally discoverable before the actual service of summons upon Dale as afterwards. However, as the Ohio Supreme Court has observed, the doctrine is not founded upon notice, but upon public policy. Cook, 108 Ohio St. at 36-37. *Page 7 
 {¶ 23} Beneficial argues that the effects of allowing lis pendens to apply when any party to an action involving particular property is served with process would be disastrous. For example, Beneficial maintains that a property owner and third-party purchaser could never be certain if the owner is transferring a valid legal interest in property, since the property could be the subject of litigation of which the owner is unaware. Jarman's suit against Ellis and Bank One, however, was a matter of public record. What is important is that the subject property be properly identified in the public record and that the court be authorized to exercise jurisdiction over the property. These two essentials are met upon service of process upon any defendant. Cf.American Land Co. v. Zeiss (1911), 219 U.S. 47, 68 (discussing relationship between lis pendens and due process: where "the proceedings and judgment [are] in the nature of proceedings in rem, * * * it should be immaterial that the ownership of the lands might be incorrectly alleged in the proceedings").
 {¶ 24} Our position is consistent with that of other jurisdictions. Contrary to the position stated in Beneficial's appellate brief, New York does not require service upon all defendants or any particular defendant before the doctrine of lis pendens will apply. SeeMerchants Bank of New York v. Rosenberg (2006), 818 N.Y.S.2d 565, 566; also Micheli Contracting Corp. v. Fairwood Assoc. (1979), 423 N.Y.S.2d 533, 534-535 ("[s]ervice upon one defendant is sufficient to preserve a notice of pendency in a multidefendant situation"). Likewise, the Supreme Court of Washington has held "that personal service of the summons and complaint upon * * * a named defendant * * * was a sufficient compliance with the [lis pendens] statute." Kritzer v. Collier
(Wa.1947), 183 P.2d 195, 200. *Page 8 
 {¶ 25} For the foregoing reasons, appellants' sole assignment of error has merit. The trial court erred in concluding that service of summons upon Dale was necessary before lis pendens would apply to acquisition of Beneficial's interest in the property. The judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of Beneficial Ohio, Inc. is reversed and judgment is entered in favor of appellants.
COLLEEN MARY O'TOOLE, J., concurs, WILLIAM M. O'NEILL, J., dissents with a Dissenting Opinion.