{¶ 67} I respectfully dissent. It is my belief that, when possible, the rules and statutes should be construed to allow for cases to be decided on their merits. As a *Page 19 
result, I have a much broader reading of Civ. R. 3(A). The pertinent section of Civ. R. 3(A) states that an action is commenced upon the filing of a complaint if service is obtained within one year "upona named defendant." (Emphasis added.) In this case, the docket reveals that a complaint was filed on January 10, 2006 against three defendants. Service was obtained on defendant Shirley J. Owens on January 13, 2006. Service was obtained on defendant Rebekah S. Schaer on January 14, 2006. Therefore, according to my interpretation of Civ. R. 3(A), "a" named defendant was served in this case, and the action was "commenced."
 {¶ 68} If service must be obtained on "the" defendant for an action to be deemed commenced against that defendant, I believe the rule should so state. Perhaps the Rules Advisory Committee may consider some clarification if my interpretation is incorrect, but a plain reading of the rule suggests that service upon any defendant is sufficient to deem a civil action commenced. As such, in this case, the civil action was properly commenced and, since appellant eventually accomplished service of the amended complaint on "the" defendant, no limitation period should apply.
 {¶ 69} While distinguishable, my interpretation would be consistent with the holding of this court in Beneficial Ohio, Inc. v. Ellis, 11th Dist. No. 2006-T-0040, 2007-Ohio-3197. In that case, we interpreted the doctrine of lis pendens under R.C. 2703.26. R.C. 2703.26 is silent with regard to who must be served for the action to be deemed "pending;" however, we held that "service upon any defendant is sufficient to invoke" the statute. Id. at ¶ 18. We further stated, "[t]his construal of the statute is consistent with Ohio Civil Rule 3(A) which provides that `(a) civil action is commenced by filing a *Page 20 
complaint with the court, if service is obtained within one year from such filing upon a named defendant.'" Id.
 {¶ 70} In addition, my interpretation would bring the definition of commencement more in line with the provisions of Fed.R.Civ.P. 3. That rule states, simply, "a civil action is commenced by filing a complaint with the court." I recognize the second criteria in Civ. R. 3(A) was included because the drafters believed that dockets should be cleared, within the reasonable time frame of one year, if service had not been obtained. However, in cases where service is an issue, trial courts have the ability to, and regularly do, issue notices that the case will be dismissed for failure to prosecute if the party bringing the action is dilatory in obtaining service.
 {¶ 71} Based on the foregoing, I would respectfully reverse and remand. *Page 1